Wang v. Garland

BIA
A078 038 217

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> DENNY CHIN,
> *Circuit Judges.*

_____

WEIWEN WANG, AKA WEI-WEN WANG,
> *Petitioner*,

v.                                                19-3736
                                                  NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Stuart Altman, Esq., Law Office
                       of Stuart Altman, New York, NY.

FOR RESPONDENT:        Brian M. Boynton, Acting
                       Assistant Attorney General; Claire
                       L. Workman, Senior Litigation
                       Counsel; Rosanne M. Perry, Trial
                       Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Weiwen Wang, a native and citizen of the People's Republic of China, seeks review of an October 17, 2019, decision of the BIA denying his motion to reopen. *In re Weiwen Wang,* No. A078 038 217 (B.I.A. Oct. 17, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Contrary to Wang's argument, the BIA did not deny his motion as untimely but rather, assumed timeliness, and denied it on the merits. The BIA may deny a motion to reopen if the movant fails to establish his prima facie eligibility for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

For a non-permanent resident, like Wang, to be eligible for cancellation, he must have accrued ten years of continuous

physical presence in the United States. 8 U.S.C. § 1229b(b)(1)(A). In *Pereira v. Sessions*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires a notice to appear ("NTA") to include a hearing time and place to trigger the "stop-time rule" and halt the accrual of physical presence. 138 S. Ct. 2105, 2113-14 (2018). After *Pereira*, the BIA held that when an NTA omits hearing information, the accrual of time stops when the missing information is subsequently provided. *See Matter of Mendoza-Hernandez*, 27 I. & N. Dec. 520, 529 (B.I.A. 2019).

In *Niz-Chavez*, the Supreme Court rejected the BIA's position, holding that a subsequent notice of a hearing's date, time, and place does not cure a NTA which lacked this information for purposes of the stop-time rule. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485-86 (2021). Rather, the Supreme Court required that the Government issue a single NTA containing all statutorily required information if it was to invoke the stop-time rule. *Id.* In light of *Niz-Chavez*, the BIA erred in determining that the stop-time rule was triggered as to Wang upon the December 22, 1999 service of a Notice of Hearing, which provided his hearing's date and time, and, therefore, holding that Wang prima facie failed to

3

satisfy the eligibility requirement of ten years continuous presence for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Abudu*, 485 U.S. at 104.

Wang's remaining argument that the agency lacked jurisdiction over his removal proceedings is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110-12 (2d Cir. 2019). In *Banegas Gomez*, we held that *Pereira* addresses a "narrow question" regarding the stop-time rule and does not "void *jurisdiction* in cases in which an NTA omits a hearing time or place." *Id.* at 110 (internal quotation marks omitted). The Supreme Court's ruling in *Niz-Chavez* similarly focuses on the stop-time rule, and does not address the agency's jurisdiction, which is governed by regulation not the statutory provision relevant to the stop-time rule. *See Niz-Chavez*, 141 S. Ct. at 1481; *Banegas Gomez*, 922 F.3d at 111-12.[1]

For the foregoing reasons, the petition for review is GRANTED, the BIA's October 17, 2019 decision is VACATED, and this case is REMANDED to the BIA for further proceedings. All

---

[1] The government does not argue, and we therefore do not consider, whether Wang's accrual of continuous presence was halted upon entry of a final order of removal, but we do not foreclose consideration of this question on remand.

4

pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court